UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 15-cv-263 |
| v. | ) |
| **MERCER HOSPITALITY, INC.,** an Ohio Corporation for Profit, | ) Judge: |
| *DBA* | ) |
| **LA QUINTA INN,** | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, (hereinafter referred to as "Plaintiff" or "Mr. Foster"), by and through the undersigned counsel, Owen B. Dunn, Jr. and Matthew B. Bryant, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, MERCER HOSPITALITY, INC., an Ohio Corporation for Profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Leland Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant MERCER HOSPITALITY, INC. operates and owns a hotel, La Quinta Inn (hereinafter "the hotel"), which is located at 950 E. Ash Street, Piqua, Ohio in Miami County, Ohio. Plaintiff has patronized Defendant's hotel previously as a place of public accommodation.

6. Upon information and belief, the hotel owned and operated by MERCER HOSPITALITY, INC. is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as

      defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel, as a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Leland Foster has difficulty grasping with his hands also as a result of his disability. As such, Plaintiff is substantially limited in performing one or more life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff has visited the Defendant's hotel for work and pleasure, and he plans to return to the property to avail himself of the goods and services offered to the public by Defendant. Plaintiff is a Gold Level La Quinta Returns Member, and he is a loyal brand enthusiast due to La Quinta's typical value and its rewards program. However, at Defendant's location, he has encountered the architectural barriers at the subject property in contravention of the ADA and its regulations. These barriers to access have endangered his safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination. As a graduate of Wright State University, Plaintiff frequents the geographical area for various events, lectures, activities and occasions.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the hotel owned by MERCER HOSPITALITY, INC. has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

    A. The hotel's parking lot fails to contain *any* designated van accessible parking for its handicapped patrons, in violation of the ADA whose remedy is readily achievable.

    B. The designated accessible parking for the hotel fails to have accessibility near any entryway, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    C. The hotel fails to have accessible means of entry at its indoor swimming pool, while 2 said means of entry are required, in violation of the ADA whose remedy is readily achievable.

    D. The hotel fails to provide its handicapped patrons an adaptive pool lift, in violation of the ADA whose remedy is readily achievable.

The Hotel Lobby's Restroom

    E. The water closet's seat fails to comply with the ADA's height requirement for access by handicapped persons, in violation of the ADA whose remedy is readily achievable.
    F. The water closet's flush control fails to be properly mounted on the open side of the seat, in contravention of the ADA whose remedy is readily achievable.

G. The restroom's toilet seat cover dispenser is mounted beyond reach or access, in violation of the ADA whose remedy is readily achievable.
H. The restroom's mirror is mounted in excess of allowable reach and range, in contravention of the ADA whose remedy is readily achievable.
I. The restroom's paper towel dispenser is mounted in excess of allowable reach for handicapped persons, in violation of the ADA whose remedy is readily achievable.

"Handicap Accessible" Guestrooms

J. Said guestrooms contain non-compliant, inaccessible flush and use controls for use by handicapped persons, in violation of the ADA whose remedy is readily achievable.
K. Said guestrooms fail to possess appropriate water closet access for handicapped persons, in violation of the ADA whose remedy is readily achievable.
L. Said guestrooms fail to possess shower spray units that are detachable or permissive for use as hand held showers, in violation of the ADA whose remedy is readily achievable.
M. Said guestrooms contain shower spray units without on/off controls with a non-positive shut offs for use by a handicapped persons, in violation of the ADA whose remedy is readily achievable.
N. Said guestrooms contain bathroom tubs with missing and/or non-compliant grab bars for use by a handicapped persons, in violation of the ADA whose remedy is readily achievable.
O. Said guestrooms contain inaccessible tub or bathing controls, which are mounted on the far side of the tub, in violation of the ADA whose remedy is readily achievable.
P. Said guestrooms contain toilet paper dispensers located outside of the required range of access of 7"-9" in front of toilet seat for handicapped persons, in violation of the ADA whose remedy is readily achievable.
Q. Said guestroom lavatories contain exposed water pipes that threaten scalding or harm to handicapped persons, in contravention of the ADA whose remedy is readily achievable.
R. Said guestrooms fail to contain the required roll-in showers for use by handicapped persons, in violation of the ADA whose remedy is readily achievable.
S. Said guestrooms contain curtain wands and light fixtures that require tight clasping and twisting, in violation of the ADA whose remedy is readily achievable.
T. Said guestrooms contain desks and/or similar furniture without sufficient knee clearance for handicapped persons, in violation of the ADA whose remedy is readily achievable.
U. Said guestrooms contain various amenities mounted in excess of allowable reach or range for handicapped persons, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

      V. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by the hotel are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The hotel, as owned by MERCER HOSPITALITY, INC., is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its

accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. The hotel, as owned by MERCER HOSPITALITY, INC., is a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

22. Defendant committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges.

23. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages,

and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

/s/ Matthew B. Bryant

        Matthew B. Bryant (0085991)
        BRYANT LEGAL, LLC
        6600 W. Sylvania Ave., Suite 260
        Sylvania, OH 43560
        Phone: (419) 340-3883
        Email: mbryant@bryantlegalllc.com